Ivan IVANOV, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73165.

Agency No. A72–677–349.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2004.

Decided March 3, 2004.

Peter L. Ashman, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization, Laguna Niguel, CA, NVL–District Counsel, Office of the District Counsel, Department of Homeland Security, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Emily A. Radford, Thankful T. Vanderstar, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

MEMORANDUM *

Ivan Ivanov, a native and citizen of Bulgaria, petitions for review of a final order of the Board of Immigration Appeals ("BIA") summarily affirming an Immigration Judge's ("IJ's") denial of Ivanov's application for asylum and withholding of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

removal. Ivanov contends that the IJ's denial of his request for a continuance to obtain counsel deprived him of his statutory and due process rights to counsel at his own expense, constituting an abuse of discretion. Ivanov also argues that the IJ's method of conducting the asylum hearing deprived Ivanov of due process, particularly his right to present evidence on his own behalf and his right to a hearing before a neutral fact-finder.

The BIA properly found that the IJ's denial of the continuance did not violate Ivanov's right to obtain counsel or constitute an abuse of discretion. The IJ's conduct at Ivanov's asylum hearing did not rise to the level of a due process violation. We deny the petition for review.

## I

An alien in removal proceedings has a statutory and Fifth Amendment due process right to be represented by counsel at his own expense. *See* 8 U.S.C. § 1362;[1] *Orantes–Hernandez v. Thornburgh,* 919 F.2d 549, 554 (9th Cir.1990). Denial of this right may constitute an abuse of discretion requiring remand. *Baires v. INS,* 856 F.2d 89, 91 (9th Cir.1988) (citations omitted).

Ivanov had almost six months after his asylum hearing was scheduled to obtain counsel. When the IJ scheduled the asylum hearing, he advised Ivanov of his right to obtain counsel at his own expense. The IJ also provided Ivanov with information about how to obtain free legal representation. The IJ twice warned Ivanov that if he appeared at the asylum hearing without counsel, he would have to represent himself. Ivanov requested a continuance only at the last minute, when he appeared for his asylum hearing unrepresented. Under these circumstances, the IJ did not deprive Ivanov of his right to counsel; nor did the IJ abuse his discretion in denying the continuance. *See id.* at 92–93.

## II

The manner in which the IJ conducted Ivanov's asylum hearing did not violate Ivanov's right to due process. Ivanov had the opportunity to testify and present evidence on his own behalf. *Cf. Colmenar v. INS,* 210 F.3d 967, 971–72 (9th Cir.2000); *Cano–Merida v. INS,* 311 F.3d 960, 964–65 (2002). The IJ's conduct at the asylum hearing and his apparent dislike of Ivanov are troublesome. Ivanov failed to demonstrate, however, that the IJ's attitude so compromised his ability to act as a neutral fact finder that he deprived Ivanov of due process. *Cf. Reyes–Melendez v. INS,* 342 F.3d 1001, 1004–09 (9th Cir.2003).

**PETITION DENIED.**

---

1. *See also* 8 C.F.R. §§ 3.16(b), 240.3, 292.1, and 292.5 (2002). INS regulations require IJs to: "(1) notify an alien at his deportation hearing of his right to representation at no expense to the government; (2) advise him of the availability of free legal services in the district where the deportation hearing is held; and (3) ascertain whether the alien desires representation and has received a list of legal services programs." *Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir.1993).